UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMIE B. D'AMICO *DOING BUSINESS AS* 100-106 E. AIRLINE, LLC | CIVIL ACTION |
| VERSUS | NO. |
| COLONY INSURANCE COMPANY | SECTION "L" |

## ORDER & REASONS

Before the Court is a motion to remand by Plaintiff Jamie D'Amico, doing business as 100-106 E. Airline, LLC ("100-106"). (Rec. Doc. 7). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

### I. BACKGROUND

This case arises out of a dispute over insurance coverage. In 2011, 100-106 filed a claim for lightening damage under its commercial property insurance policy issued by Defendant Colony Insurance Company. On September 25, 2012, it brought this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, alleging coverage for severe damage to its telephone and computer systems. (Rec. Doc. 1-1). It asserted that Colony had made a partial payment on the claim, but that it was entitled to further payment. The petition sought "all sums allowable under the premises," as well as interest, penalties, and attorney's fees, as well as general and equitable relief. (*Id*. at 3). On September 20, 2013, Colony removed to this Court, alleging that it had become aware that the amount in controversy exceeded $75,000 on September 13, 2013.

## II.  PRESENT MOTION

100-106 now moves to remand. (Rec. Doc. 7). It argues that Colony's September 20, 2013, removal was untimely because Colony had been aware of the basis for removal since the petition was filed on September 25, 2012. Specifically, it notes that Colony premised its removal on the remaining potential coverage ($55,000)—that is, the coverage limit ($80,000) less the amount Colony had already advanced ($25,000)—plus the potential statutory penalty ($27,500). Further, it argues that its petition did not include any renunciation of the right to enforce a judgment in excess of $75,000. Colony responds that, despite repeated requests before and after the litigation commenced, 100-106 failed to produce documentation of its damage until September 13, 2014. (Rec. Doc. 17). It further argues that 100-106 had not sought recovery up to the coverage limits prior to producing that estimate. Accordingly, Colony asserts that the action only became removable on September 13, 2014.

## III.  LAW & ANALYSIS

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. However, the action must be removed "within 30 days . . . of the initial pleading" or, if not initially removable, "within 30 days . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that [it] is or has become removable." *Id.* § 1446. "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

For federal diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The United States Court of Appeals for the Fifth Circuit has held that the removing defendant "bears the burden of establishing the

amount in controversy by a preponderance of the evidence." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). This amount is equivalent to "'the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* at 911 (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1253 (5th Cir. 1998)). If the amount in controversy is not facially apparent from the petition, it may be established using summary judgment type evidence. *Id*. at 910. Generally, the policy limit is considered the amount of controversy as long as the petition "actually sought to recover the policy limit." *Id*. at 912.

Here, the parties do not dispute that the amount in controversy exceeds the threshold for diversity jurisdiction, only whether the removal was timely. If the case was initially removable, the removal was untimely because it did not occur within 30 days of the petition. If the case was not initially removable, the removal was timely because it occurred within 30 days of the estimate and demand that made it removable. Thus, the issue is whether the case was initially removable.

For the case to have been initially removable, the amount in controversy must have been facially apparent from the petition. Here, the petition seeks "all sums allowable under the premises," as well as interest, penalties, and attorney's fees. (*Id*. at 3). Beyond describing the damage to its covered property "severe," the petition does not elaborate on the damage's scope or severity. Without any indication that the petition sought damages in excess of the policy limit nor any description of the damage itself, the petition is devoid of any facially apparent assertion of an amount in controversy. Accordingly, the case was not initially removable.[1] Thus, Colony has

---

[1] 100-106 suggests that the absence of a "renunciation of the right to enforce a judgment in excess of $75,000" or the "mandatory proviso that the amount in controversy did not exceed $75,000" indicates that "Colony knew or should have known that removal was possible." (Rec. Doc. 7-1 at 4). However, the issue is not whether Colony knew or should have known removal was *possible*, it is whether the action was, in fact, removable. As the

timely removed this action after discerning that the amount of controversy exceeded the $75,000 threshold.

## IV. CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that 100-106's motion to remand (Rec. Doc. 7) is **DENIED**.

New Orleans, Louisiana, this 15th day of May, 2014.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE

---

removing defendant, Colony shoulders the burden of establishing federal jurisdiction exists. It could not have done so merely on the assertion that it was possible the amount in controversy exceeded $75,000.